# UNITED STATES DISTRICT COURT

### for

## EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

**U.S.A. vs. James Joseph Dabrowski**                    **Docket No.  4:12-CR-47-1**

### Petition for Action on Supervised Release

COMES NOW C. Lee Meeks, Jr., probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of James Joseph Dabrowski, who, upon an earlier plea of guilty to False Information and Hoaxes, in violation of 18 U.S.C. § 1038(a)(1), was sentenced by the The Honorable Vicki Miles-LaGrange, Chief U.S. District Judge for the Western District of Oklahoma, on January 19, 2012, to the custody of the Bureau of Prisons for a term of 12 months and 1 day. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1.  The defendant shall not make application for any loan or enter into any credit arrangement without first consulting with the probation officer.

2.  The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give away or otherwise convey any asset, without first consulting with the probation officer.

3.  If the defendant maintains interest in any business or enterprise, the defendant shall, upon request, surrender and/or make available for review, any and all documents and records of said business or enterprise to the probation officer.

4.  The defendant shall, upon request of the probation officer, authorize release of any an all financial information, to include income records, income tax records, and social security records, by execution of a release of financial information form, or by any other appropriate means.

5.  The defendant shall notify the court and the Attorney General of any material change in economic circumstances that might affect the defendant's ability to pay a fine and/or restitution.

6.  The defendant shall participate in a program of mental health aftercare at the direction of the probation officer. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on the defendant's ability to pay.

7.  The defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweat patch testing; and outpatient treatment. The defendant shall totally abstain from the use of alcohol and other intoxicants

both during and after completion of any treatment program. The defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay.

8.      The defendant must submit to a search of his person, property, or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting weapons, including but not limited to firearms, knives, explosive devices or materials or items resembling explosive devices or materials, controlled substances or evidence of alcohol or excessive medication consumption at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to a search.

9.      The defendant shall pay a $100 special assessment and $19,563.45 restitution.

James Joseph Dabrowski was released from custody on March 5, 2012, at which time the term of supervised release commenced. On April 5, 2012, jurisdiction was transferred to the Eastern District of North Carolina.

On April 6, 2012, the court approved a Motion for Revocation alleging the defendant violated the conditions of supervised release by committing criminal conduct, failing to participate in mental health treatment, failing to participate in a urinalysis program, and using a controlled substance. Additionally, a Warrant for Arrest was issued the same date.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On April 5, 2012, the defendant's father, Joseph Dabrowski, contacted the probation officer and reported he was assaulted by his son. He also reported he locked his son outside of the residence and was concerned he may be assaulted again. The probation officer contacted the Carteret County Sheriff's Office, who dispatched deputies to the residence. Upon their arrival, deputies detained Dabrowski.

The probation officer responded to the defendant's residence and consulted with Joseph Dabrowski, deputies, and the defendant. Joseph Dabrowski reported he did not want his son arrested, but believed the defendant was in need of mental health intervention. Subsequently, the defendant was released, and the probation officer escorted Joseph Dabrowski to the Carteret County Magistrate's Office. Joseph Dabrowski petitioned the Magistrate for an Involuntary Commitment Order and the request was granted. Deputies detained the defendant and admitted him to Carteret General Hospital for an evaluation. Once at the hospital, Dabrowski became defensive and argumentative requiring hospital security to restrain the defendant to a hospital bed and medication was administered.

On April 10, 2012, the defendant was admitted to Cherry Hospital in Goldsboro, North Carolina.

While being treated at Cherry Hospital, the probation officer maintained contact with Dabrowski's social worker. On April 19, 2012, a state court judge signed an outpatient commitment order authorizing the defendant's release to the community on April 20, 2012. The commitment order requires Dabrowski to attend outpatient treatment for a period of 90 days. Dabrowki's mother confirmed the defendant will be residing with her upon his release from Cherry Hospital.

In that the defendant has received inpatient mental health treatment, has been ordered to attend 90-day outpatient treatment, and has stated he will comply with the terms of supervision, the probation officer respectfully recommends the Motion for Revocation be rescinded and the Warrant for Arrest issued on April 6, 2012, be vacated. This will allow the defendant an opportunity to receive treatment to address his mental health issues. The probation officer will carefully monitor Dabrowski's compliance with treatment and the conditions of supervision. Should future violations occur, the probation officer will contact the court immediately.

**PRAYING THAT THE COURT WILL ORDER** the Motion for Revocation be rescinded and Warrant for Arrest issued on April 6, 2012, be vacated.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Kevin L. Connolley
Kevin L. Connolley
Supervising U.S. Probation Officer

/s/ C. Lee Meeks, Jr.
C. Lee Meeks, Jr.
U.S. Probation Officer
200 Williamsburg Pkwy, Unit 2
Jacksonville, NC 28546-6762
Phone: 910-347-9038
Executed On: April 24, 2012

## ORDER OF COURT

Considered and ordered this 24th day of April , 2012, and ordered filed and made a part of the records in the above case.

The Honorable Malcolm J. Howard
Senior U.S. District Judge